White, J.
delivered the following opinion of the court.
This is a caveat case, in which the following facts appear.
That Seahorn was in possession of the land in dispute, on the 12th day of September 1807; that be continued that possession until after the 1st day of January 1809 ; that on the 27th July 1808, he made application as the law directs to have it surveyed as an occupant claim ; that the surveyor then made the survey of it as an occupant claim, and included therein only 62½ acres; that on the 2nd day of January 1809, Campbell entered this same land, and on the 10th day of April 1809, had his entry surveyed ; that there was vacant land adjoining this 62½ acres, sufficient to make one hundred acres ; and that on the 6th July 1809, Seahorn applied to the surveyor, who had not returned his works to the register, and had his survey amended, by enlarging the same, so as to include one hundred acres, and soon afterwards entered a caveat to prevent Campbell from obtaining his grant. Upon these facts the circuit court have decided that Seahorn ought to be preferred in obtaining title to this land, from which decision Campbell has appealed to this court.
The sole question presented by this record is, whether Seahorn’s claim shall now stand in the same situation as if his survey had been first made to include one hundred acres ? We are of opinion it ought. The legislature in its act of 1807, provided that every person who was in possession of any vacant and unappropriated land on the 12th September 1807, shall have a preference for two years, within which, to obtain a warrant and procure a grant for any quantity, not less than one, nor more than three hundred acres, if, there be as much as 100 acres of vacant land at the place. But to secure this preference, the occupant is, within nine months after the passage of the act, in December 1807, to apply to the surveyor to survey his claim ; upon which application, it is made the duty of the surveyor to survey it, including not less than 100, nor more than 300 acres, &c.
To entitle the party to the preference here intended, the only act he was bound to do, was to apply to the surveyor to survey his claim; the making the survey was the duty of the surveyor; the law compelled him, as there was that *196 quantity vacant, to include at least one hundred acres, and prohibits him from including more than 300 acres. Between these two quantities, the occupant has a discretion what he will take, but the law will not suffer the surveyor to go below the former, or exceed the latter. Within the nine months the occopant applied to have his claim surveyed as the law directed ; the surveyor intending to comply with his duty, made a mistake, and included less than 100 acres ; this mistake of the officer, ought not to destroy the party’s right.
The act says, if he does not apply to the surveyor within nine months, he shall forfeit his right ; here he did apply, and the act does not say, if the surveyor makes a mistake it shall destroy the right, and we think it unreasonable to do so by construction. This survey was recorded. and Campbell, when making his entry, must have seen it was claimed by Seahorn by virtue of his occupancy. As a survey had been made, be must have known that Seahorn had done all he could do, by applying to have his survey made ; and that the mistake, was the act of the surveyor, not of the party, and that the law would not encourage him in making his entry, destroying Seahorn's preferance, de captando lucro. This mistake the surveyor corrected when he discovered it. We believe he had a right to do this, as the plat had never left his office. Supposed he had included 500 acres instead of 300, would he not be permitted to amend, by reducing the quantity ? If he would, why should he not add, it, by mistake, the quantity is too small. In this case Seahorn is exerting himself de damno evitando, and Campbell de captando lucro. In such a case, we believe the survey might be an ended ; and when amended, ought to be considered, for the sake of preserving the parties preference right from being entirely lost, as if it had been correctly made in the first instance. By this course the interest of the one is preserved, while the other is left at liberty to remove his warrant to some other piece of land that is vacant, and there have it satisfied.
The judgment of the circuit court must be affirmed.